PHILLIP A. TALBERT
United States Attorney
PETER K. THOMPSON
Acting Regional Chief Counsel, Region IX
Social Security Administration
CASPAR CHAN
Special Assistant United States Attorney
    Social Security Administration
    160 Spear Street, Suite 800
    San Francisco, CA  94105
    Telephone: 510-970-4810
    Facsimile: 415-744-0134
    Email: Caspar.Chan@ssa.gov
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES BURNS,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 2:20-cv-01182-JDP<br><br>**STIPULATION AND [PROPOSED] ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920** |

Stipulation for EAJA Fees: 2:20-cv-01182-JDP      1

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of EIGHT THOUSAND TWO HUNDRED dollars and NO cents ($8,200.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) AND no costs under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel including counsel's firm may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Date: <u>June 30, 2022</u>     CERNEY KREUZE & LOTT, LLP

By:   <u>*/s/ Caspar Chan for Shellie Lott*</u>
      SHELLIE LOTT
      *Authorized by email on <u>June 30, 2022</u>*
      Attorneys for Plaintiff

Date: <u>June 30, 2022</u>     PHILLIP A. TALBERT
                               United States Attorney

By:   <u>*/s/ Caspar Chan*</u>
      CASPAR CHAN
      Special Assistant United States Attorney
      Attorneys for Defendant

ORDER

IT IS SO ORDERED.

Dated:   <u>June 30, 2022</u>     _____
                                  JEREMY D. PETERSON
                                  UNITED STATES MAGISTRATE JUDGE