UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BURNS,<br><br>        Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>        Defendant. | Case No. 2:20-cv-1182-JDP<br><br>ORDER |

Plaintiff's counsel seeks an award of attorney fees under 42 U.S.C. § 406(b). ECF No. 28. Plaintiff entered into a contingent fee agreement that provided that he would pay counsel twenty-five percent of any award of past-due benefits. ECF No. 28-3 at 1. After this court remanded for further proceedings, plaintiff was found disabled and awarded past-due benefits. ECF Nos. 24 & 28-2 at 1. The Social Security Administration withheld $31,691.75, which was twenty-five percent of plaintiff's past due benefits, to pay his attorney. *Id*. Plaintiff's counsel requests $16,000.00, which is the statutory maximum, and which would work out to an hourly rate of $388.25.

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment

> a reasonable fee for such representation, not in excess of 25 percent
> of the total of the past-due benefits to which the claimant is entitled
> by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  Rather than being paid by the government, fees under section 406(b) are paid by the claimant from the awarded past-due benefits.  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 802).  The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved."  *Id.* at 808.  A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  *Crawford*, 586 F.3d at 1151.

The court finds that the requested fees are reasonable.  Counsel's billing records reflect a total of 41.20 hours of attorney time on this case.  ECF No. 28-4 at 1-2.  Counsel's request for $16,000.00, which is less than the statutory maximum, would constitute an hourly rate of approximately $388.25 for attorney services.  Counsel did not engage in dilatory conduct or perform in a substandard manner.  Indeed, counsel's representation resulted in this matter being remanded for further proceedings, which resulted in a favorable decision and an award of benefits.  *See* ECF Nos. 24 & 28-2.  Given counsel's experience, the result obtained in this case, and the risk of loss in representing plaintiff, the court finds the hourly rate reasonable.  *See, e.g.*, *De Vivo v. Berryhill*, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fees at effective hourly rate of $1,169.49 reasonable); 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fees at effective hourly rate of $1,063); *Palos v. Colvin*, 2016 WL 5110243 (C.D. Cal. Sept. 20, 2016) ) (finding fees at effective hourly rate of $1,546.39 reasonable).

Counsel concedes that the $8,200 award should be offset by the fees previously awarded under the under the Equal Access to Justice Act ("EAJA").  ECF No. 28 at 3; *see* ECF No. 27.

2

She also indicates that she will reimburse plaintiff the amount previously awarded under the EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1. The motion for attorney fees, ECF No. 28, is granted.

2. Plaintiff's counsel is awarded $16,000.00 in fees pursuant to 42 U.S.C. § 406(b).

3. Upon receipt of the $16,000.00 award, counsel shall refund to plaintiff the sum of $8,200.00 previously awarded under the EAJA.

IT IS SO ORDERED.

Dated:   November 21, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE